HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAUREN E. RAMEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOLINA HEALTHCARE INC.,<br><br>Defendant. | CASE NO. 3:23-cv-05768-RAJ<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiff Lauren E. Ramey ("Plaintiff") and Defendant Molina Healthcare Inc. ("Defendant")'s Stipulated Motion to Seal Documents. Dkt. # 60.

This is a class action lawsuit pertaining to alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In June 2023, Plaintiff Lauren E. Ramey ("Plaintiff") received an unsolicited call from Defendant regarding enrollment in a health maintenance organization healthcare plan for her daughter. Dkt. # 1 at ¶¶ 20–21. Plaintiff was under the impression she was conversing with her daughter's actual insurer, Aetna, and therefore agreed to switch the healthcare plan. *Id.* at ¶ 21. After realizing that it was Defendant who was making these calls, Plaintiff indicated her desire to revert her

ORDER – 1

1   daughter's health insurance back to Aetna. *Id.* at ¶ 27. For the next several weeks, Plaintiff
2   received numerous phone calls and generic voicemails from Defendant, which she labels
3   as an "annoyance, nuisance, and invasion of privacy." *Id.* at ¶ 40. Her complaint asserts a
4   single cause of action on behalf of herself and eligible class members for violation of the
5   TCPA. *Id.* at ¶¶ 49–52.

6   In support of her Reply to the pending Motion for Class Certification, Plaintiff seeks
7   to file under seal portions of deposition transcripts and other materials designated as
8   confidential. Dkt. # 60 at 2. Defendant does not oppose its request. *Id.* at 1.

9   In determining whether to seal judicial records, a court must conscientiously balance
10  the competing interests of the public and the party who seeks to keep certain judicial
11  records secret. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.
12  2006). A party seeking to seal a judicial record bears the burden of overcoming the strong
13  presumption in favor of public access to records by meeting the compelling reasons
14  standard. *Id.* at 1178.

15  Plaintiff provides that the excerpts of the deposition transcripts contain protected
16  health information under the Health Insurance Portability and Accountability Act. Dkt. #
17  60 at 2. Furthermore, Plaintiff states that public disclosure of the confidential information
18  may cause competitive harm. Given that the Motion is unopposed and there is binding
19  case law on the issue, the Court concurs with Plaintiff's reasoning. *See Nixon v. Warner
20  Commc'ns, Inc.*, 435 U.S. 589, 598 (1979) (holding that preventing disclosure of "business
21  information that might harm a litigant's competitive standing" is a compelling reason to
22  seal records). The Court also finds that the public interest in gaining access to sensitive
23  medical information and certain business practices does not outweigh the private interest
24  in keeping this information sealed. *See Kamakana*, 447 F.3d at 1179.
25  ///
26  ///
27  ///
28  ORDER – 2

1  Based on the foregoing reasons, the Court **GRANTS** the Parties' Stipulated Motion
2  to Seal Documents. Dkt. # 60. The Court hereby **ORDERS** the sealing of the unredacted
3  version of the Reply to Plaintiff's Motion for Class Certification. Dkt. # 61.

5  Dated this 20th day of March, 2025.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3